J-S47006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAJAB S. GOMEZ | |
| Appellant | No. 2777 EDA 2016 |

Appeal from the PCRA Order August 4, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002812-2015

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:          **Filed: August 8, 2017**

Rajab S. Gomez appeals *pro se* from the trial court's order denying his *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On February 5, 2016, Gomez entered a negotiated guilty plea to robbery,[1] simple assault,[2] and receiving stolen property.[3]  He was sentenced to an agreed-upon aggregate sentence of 2-4 years' imprisonment, followed by a consecutive term of two years of probation.  The court deemed Gomez

---

[1] 18 Pa.C.S. § 3701(a)(1)(v).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 3925(a).

eligible under the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S. §§ 4501-4512.

Gomez filed a *pro se* motion, which the court treated as a PCRA petition, on May 16, 2016. The court gave Gomez notice of its intent to dismiss his petition, pursuant to Pa.R.Crim.P. 907,[4] on July 14, 2016.[5] On July 22, 2016, Gomez filed his second *pro se* PCRA petition; the court denied this petition, noting that his first petition was still pending. **See Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000) (when appellant's PCRA appeal is pending before a court, subsequent PCRA petition cannot be filed until resolution of review of pending PCRA petition by highest state court in which review is sought, or upon expiration of time for seeking such review).

On August 4, 2016, the trial court denied Gomez's first petition. August 24, 2016, Gomez filed a timely notice of appeal. On August 30, 2016, the trial court ordered Gomez to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within 21 days, or by September 20, 2016. Gomez failed to comply with this order and did not file a Rule 1925(b) statement.

_____

[4] The court also permitted court-appointed counsel to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[5] On this same date, Gomez filed a *pro se* motion to withdraw his guilty plea. The court dismissed the motion as untimely. **See** Pa.R.Crim.P. 720 (motion to withdraw guilty plea must be filed within 10 days of sentence).

In its Rule 1925(a) opinion, the trial court recognizes Gomez's failure to file a Rule 1925(b) statement and deems all issues waived on appeal. *See* Trial Court Opinion, 9/28/16, at 2; *see also* Pa.R.A.P. 1925(b); *but see Commonwealth v. Sohnleitner*, (Pa. Super. 2005) (where trial court accepts untimely Rule 1925(b) statement and addresses issues raised in its Rule 1925(a) opinion, appellate court will not deem issues waived). Because the failure to file a court-ordered Rule 1925(b) statement traditionally results in the waiver of all issues on appeal and because the trial court has not addressed Gomez's issues on appeal, we find Gomez's issues waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (if appellant is directed to file Rule 1925(b) statement, any issues not raised in statement are waived).

Order affirmed.[6]

---

[6] Although the trial court submits that this appeal should be quashed, the proper procedure is to affirm the underlying order denying PCRA relief. An appeal is quashed when our court does not have jurisdiction over the matter. Here, Gomez's appeal is properly before our Court, however he has waived review of any issues for failure to comply with the trial court's Rule 1925(b) order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/8/2017</u>